## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANITRA MCARTHUR**,
    *Plaintiff*

    v.

**MIZKAN, Inc.,**
    *Defendant.*

**Case No.**:21-cv-364

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DANITRA MCARTHUR, hereinafter "Plaintiff" by and through the undersigned counsel and sues MIZKAN, hereinafter "Defendant" or and states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is invoked pursuant to 29 U.S.C §1331, 29 U.S.C § 1343 and 29 U.S.C § 1367 in  that this is a civil action arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., and the Florida Civil Rights Act of 1992, F.S. 760.10.

2.    Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of her employment relationship with the Defendant,  in that a substantial part of the events or motions giving rise to the claim occurred in this district which is located in the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

1.      Plaintiff, Danitra McArthur resides in Lake Wales, Polk County, Florida while employed with the Defendant.  Plaintiff continues to reside in Polk County.

2.      Mizkan, Inc, Defendant, is a foreign limited liability partnership and at all relevant times doing business in the State of Florida, with a physical address of 4445 North Dakota Avenue, Lake Alfred, Florida 33850.

## GENERAL ALLEGATIONS

3.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

4.      At all times material, the Plaintiff was qualified to perform her job duties within the expectations of her employer.

5.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff made a charge of discrimination with the Equal Employment and Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on ("FCHR") on August 1, 2019, (*see* Exhibit A).

7.      On November 16, 2020,  EEOC issued a dismissal and Notice of Rights.  A copy of the Dismissal and Notice of Rights is attached. (*see* Exhibit B).  This Complaint has been filed within ninety (90) days of the receipt of the Dismissal and Notice of Rights; therefore, has met all conditions precedent to filing this Complaint.

8.      Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statues*, because more than one-hundred and eight (180) days have passed since the filing of this Charge.

## FACTUAL ALLEGATIONS

9.      On June 10, 2014. Plaintiff began as a temporary employee with the Defendant.

10.     Plaintiff was hired as a permanent employee on March 2, 2015.

11.     Plaintiff held the position of Quality Technician.

12.     Plaintiff was the only African American Quality Technician assigned to supervisor, Mohammed Bhatti (Asian).

13.     Plaintiff worked on a full-time basis and typically worked forty (40) hours each week.

14.     Defendant employs more than fifty (50) employees within a 75-mile radius of the workplace.

15.     Plaintiff consistently met expectations on her annual evaluations.

16.     Plaintiff's supervisor Mohammed Bhatti singled out and targeted the Plaintiff because of her race.

17.     Plaintiff received disproportionately difficult work assignment compared to Caucasian and Hispanic workers.

18.     Plaintiff was openly humiliated for minor issues and disciplined, while Caucasian and Hispanic workers who made similar issues never approached or disciplined.

19.     Plaintiff's experienced different terms of employment than her Caucasian and Hispanic who were Quality Technicians and in 2016, Plaintiff issued a written complaint to the human resources department complaining of the difference in treatment. Plaintiff requested to be reassigned to another supervisor.

20.     Plaintiff, despite filing complaints about disparate treatment, continued to be assigned disproportionate workloads and subjected to verbal harassment by Mohammed Bhatti.

21.     Plaintiff began to fear daily work assignments and any contact with Mohammed Bhatti because of the harassment.

22.     Plaintiff began to experience personal and health issues and in or around 2018 was diagnosed with a mental health disability.

23.     Plaintiff informed and submitted the appropriate documentation to the Defendant regarding the disability and was on leave from work during certain periods of time in 2018.

24.     Plaintiff returned to work in 2018, and the verbal attacks and disproportionate work assignments by Mohammed Bhatti continued.

25.     Plaintiff's disability was triggered by the ongoing attacks and heavier workload. Plaintiff continued to complain to the human resources department of Defendant.  Plaintiff continued to request reassignment to another supervisor. Plaintiff's complaints were ignored by the Defendant.

26.     Plaintiff took medical leave again in 2018 due to the harassment by Mohammed Bhatti that triggered symptoms of her disability.

27.     Plaintiff returned to work on May 13, 2019.  On the same date, Plaintiff was openly verbally attacked by Mohammed Bhatti shortly after she began her workday.

28.     The verbal attack triggered the Plaintiff's disability; and she immediately complained to the Defendant.

29.     Plaintiff requested to leave work on the same date, due to her disability, the Plaintiff's request was granted.

30.     Plaintiff continued to communicate with the Defendant and exchanged information regarding her disability to request additional leave and to complain about Mohammed Bhatti.

31.     The Plaintiff, after she filed a charge of discrimination with the EEOC, was terminated from employment.

32.     Defendant's reason was pretext and retaliatory due to Plaintiff's complaints of discrimination.

## COUNT I

## <u>VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT</u>

### 42 U.S.C. 12111(5)(a)

33.     Plaintiff, DANITRA MCARTHUR, repeats and alleges the allegations set forth in paragraphs 1 through 32 above as if set forth in full herein.

34.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title I of the American with Disabilities Act of 1990, (hereinafter "ADA") 42 U.S.C.

 § 12111(5)(a).

35.    Plaintiff was and is an individual with a disability within the meaning of the ADA 42 U.S.C § 12102(1)(2)(A).

36.    Plaintiff is a qualified individual with a disability as defined in the ADA 42 U.S.C. §12111(8).

37.    Plaintiff's diagnoses of anxiety, depression, and bi-polar disorder, the conditions substantially limit one or more major life activities.

38.    Plaintiff has a record of mental impairment that substantially limits one or more major life activities.

39.    Defendant was aware of the Plaintiff's diagnoses.

40.    Defendant regarded the Plaintiff as having a disability.

41.    Plaintiff's disability was a factor in Defendant's decision to retaliate and terminate her employment.

42.    Plaintiff's disability was a factor in Defendant's decision to disregard her complaints regarding harassment and racial discrimination.

43.    The Defendant's actions were intentional and willful in deliberate disregard of the rights of the Plaintiff.

44.    As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past and future wages and benefits. Plaintiff is also entitled to damages and attorneys' fees and costs, and other damages recoverable by law.

**COUNT II**

**VIOLATIONS OF THE AMERICAN WITH DISABILITES ACT (RETALIATION)**

45.     Plaintiff, DANITRA MCARTHUR, repeats and alleges the allegations set forth in paragraphs 1 through 45 above as if set forth in full herein.

46.     Plaintiff complained to the Human Resources Department and management about their treatment of her due to her disability.

47.     As a result of the complaints by the Plaintiff, the Defendant took materially adverse employment actions against the Plaintiff.

48.     The Defendant rejected the medical documentation of the Plaintiff's medical providers.

49.     The Defendant fired the Plaintiff after she complained and filed a charge of discrimination with the EEOC.

50.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

## COUNT III

## FLORIDA CIVIL RIGHTS ACT OF 1992

51.     Plaintiff, DANITRA MCARTHUR, repeats and alleges the allegations set forth in paragraphs 1 through 50 above as if set forth in full herein.

52.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of 1992, F.S. Chapter 760.10.

53.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of handicap, F.S. 760.10(1)(A).

54.     Plaintiff is a member of a protected class because of her disability (handicap).

55.     Defendant's retaliation, disparate treatment and subsequent termination as described above, were based on her disability.

56.     Defendant treated employees without disabilities more favorably than Plaintiff in the terms, conditions, and or/benefits of employment.

57.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

58.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

**COUNT IV**

**FLORIDA CIVIL RIGHTS ACT—RETALIATION**

59.     Plaintiff, DANITRA MCARTHUR, repeats and alleges the allegations set forth in paragraphs 1 through 58 above as if set forth in full herein.

60.     Plaintiff engaged in protected activity by opposing employment practices made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff was retaliated against by Defendant for requesting a reasonable accommodation for her disability and for complaining about discrimination due to her race.

61.     In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action by Defendant when Defendant terminated Plaintiff's employment.

62.     Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her requests for reasonable accommodations for her disability.

63.     The aforementioned actions by Defendant constitutes retaliation by Defendant in violation of the Florida Civil Rights Act.

64.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of the Plaintiff.

65.     As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past and future wages and benefits. Plaintiff is also entitled to damages and attorneys' fees and costs, and other damages recoverable by law.

66.     Plaintiff repeats and realleges the allegations as set forth in paragraphs 1 through 44 above as if set forth herein.

67.     Plaintiff is a member of a protected class under 42 U.S.C. §1981.

68.     By the conduct described above, the Defendant, a private employer, engaged in unlawful employment practices and discriminated against the Plaintiff because of her race.

69.     Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for the Defendant and Plaintiff was compensated.

70.     Plaintiff performed her contractual obligations.

71.     Defendant violated Plaintiff's rights under 42 U.S.C. §1981 by disciplining and terminating her employment because of race.

72.     The actions of the Defendant were intentional and deliberate.

73.     The actions of the Defendant were motivated by race-based considerations.

74.     As a direct and proximate result of the discriminatory actions of the Defendant, Plaintiff suffered and continues to suffer mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT V

## **TITLE VII – RACE DISCRIMINATION**

75.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 74 above as if set forth in full herein.

76.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII).

77.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

78.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

79.     Defendant by the conduct mentioned above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

80.    Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

81.    Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

82.    The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

83.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT VI

## TITLE VII – RACE DISCRIMINATION – (RETALIATION)

84.    Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 83 above as if set forth in full herein.

85.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII).

86.    Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

87.    As Plaintiff's employer, Defendants had a duty to refrain from retaliation against the Plaintiff on the basis of race.

88.    Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race after she complained of unequal treatment and practices within the plant.

89.     Defendant's unlawful retaliation and subsequent termination of Plaintiff's employment as described above, were based on her race.

90.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

91.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

**COUNT VII**

**FLORIDA CIVIL RIGHTS ACT OF 1992 – (RACE)**

92.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 91 above as if set forth in full herein.

93.     Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

94.     Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

95.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

96.     Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

97.     Defendant's harassment, retaliation, disparate treatment and subsequent termination of her employment as described above, were based on her race.

98.     Defendant treated Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

99.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

100.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT VIII

## FLORIDA CIVIL RIGHTS ACT OF 1992 – (RETALIATION-RACE)

101.    Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 100 above as if set forth in full herein.

102.    Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA).

103.    Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

104.    As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

105.    Plaintiff by the conduct described above, Defendant engaged in unlawful practices and retaliated against the Plaintiff because of her race.

106.    Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

107.    Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

108.    The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

109.   As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to. mental anguish, physical and emotional distress, loss of income and benefits.

## **RELIEF REQUESTED**

1.   WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant on each of her respective claims, and:

    a.   Award the Plaintiff back pay and benefits;

    b.   Prejudgment interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Liquidated damages

    e.   Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    f.   Punitive damages;

    g.   Attorneys' fees and costs;

    h.   Award Plaintiff all other relief as the Court deems appropriate.

Date: February 15, 2021

By: /s/Octavia Brown
**Octavia Brown, Esq.,**
Florida Bar Number: 0011778
Octavia.brown@community-lawyer.com
**Valentina Villalobos, Esq.**
Florida Bar Number:100426
Valentina.villalobos@community-lawyer.com
**Community Law, PLLC**
3104 N. Armenia Avenue, STE 2
Tampa, Florida 33607
PH:   (813) 822-3522

FAX: (863) 250-8228
*Trial Attorneys for Plaintiff*